# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MONICA COOPER, | ) |
| Plaintiff, | ) |
| | ) No. 17 C 6913 & 18 C 2064 |
| v. | ) |
| | ) |
| DAVID J. SHULKIN, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION & ORDER**

In this case, *pro se* plaintiff Monica Cooper has sued defendant David J. Shulkin, Secretary of the United States Department of Veterans Affairs, alleging that her supervisors at Jesse Brown VA Medical Center discriminated against her in violation of Title VII and the Rehabilitation Act. R. 1 (17 C 6913); R. 7 (18 C 2064). Currently before the Court are Cooper's: (1) motions to recuse (R. 43 (17 C 6913) & R. 24 (18 C 2064)); (2) motion for a new trial (R. 20 (18 C 2064)); and (3) motions for a protective order and to quash (R. 44 (17 C 6913) & R. 25 (18 C 2064)). For the reasons set forth below, the Court denies Cooper's motions.

**Background**

On August 1, 2018, Shulkin filed a motion to extend fact discovery in light of Cooper's failure to answer written discovery and to make herself available for deposition. R. 30 (17 C 6913). The Court granted Shulkin's motion on August 7, 2018 and ordered all fact discovery to be completed by September 6, 2018. R. 34 (17 C 6913).

Following the August 7, 2018 hearing, Shulkin's counsel contacted Cooper numerous times to obtain answers to outstanding written discovery and to schedule Cooper's deposition. R. 47 at 6-15 (17 C 6913). The parties agreed on August 23, 2018 for Cooper's deposition. *Id.* at 14. But on August 22, 2018, Cooper informed Shulkin's counsel that she would not come to Chicago for a deposition at any point, instead insisting that Shulkin's counsel come to Michigan to take her deposition.

Shulkin's counsel moved to compel Cooper's deposition and answers to written discovery (R. 36 (17 C 6913)), and this Court granted that motion on August 29, 2018, explaining:

> Plaintiff must appear for her deposition in Chicago at a date and time convenient to both parties at least one week before the next status hearing [on October 11, 2018], absent permission from this Court for any change. Failure of plaintiff to appear for her deposition will result in this action being dismissed for want of prosecution.

R. 38 (17 C 6913).

Following the August 29, 2018 hearing, Shulkin's counsel contacted Cooper on both August 29, 2018 and September 25, 2018, offering numerous dates for her deposition. R. 47 at 16-20. Cooper did not respond to either letter.

On September 26, 2018, Shulkin moved to reassign case 18 C 2064 (previously pending before Judge Lee) to this Court based on relatedness with case 17 C 6913 under Local Rule 40.4. R. 39 (17 C 6913). Cooper failed to appear at the October 1, 2018 hearing on Shulkin's motion to reassign. At that hearing, the Court granted Shulkin's motion based on a finding that the conditions for relatedness under Local Rule 40.4 were met. R. 41 (17 C 6913).

2

Also at the October 1, 2018 hearing (at which Cooper failed to appear), Shulkin's counsel explained to the Court that it was having trouble scheduling a date for Cooper's deposition, despite offering Cooper many different dates. The Court entered an order explaining that "[f]ailure of the plaintiff to appear in person or by telephone at the [next] status hearing [set by the Court] or failure of the plaintiff to cooperate in the scheduling and taking of her deposition will result in this action being dismissed for want of prosecution." *Id.*

Following the October 1, 2018 hearing, Shulkin's counsel again reached out to Cooper to explain the Court's order and to ask Cooper to call as soon as possible regarding deposition scheduling. R. 27-1 at 2 (18 C 2064). Cooper did not respond.

On October 9, 2018, Cooper filed a "motion for a new trial" in the case originally filed before Judge Lee and reassigned to this Court on October 1, 2018. R. 20 at 1 (18 C 2064). That motion argues that the VA director committed perjury in the underlying administrative proceedings, and it asks the Court to order that new proceedings take place. *Id.*

When the parties next appeared on October 17, 2018, the Court again ordered Cooper to appear for her deposition, noting that "[f]ailure of plaintiff to appear for her deposition will result in this action being dismissed for want of prosecution." R. 42 (17 C 6913). Shulkin's counsel followed up with two letters attempting to schedule Cooper's deposition and to obtain complete answers to written discovery. R. 27-1 at 4-7 (18 C 2064). Cooper again did not respond. Instead, on October 29,

3

2018, Cooper filed her motions to recuse and to quash. Shulkin responded on November 13, 2018. Cooper did not file reply briefs.

## Analysis

### A. Motions to Recuse

The recusal statute, 28 U.S.C. § 455, requires that judges disqualify themselves when their "impartiality might reasonably be questioned," when they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Although a federal judge has a duty not to sit where disqualified for bias, he has "a duty to sit where not disqualified which is equally as strong." *Laird v. Tatum*, 409 U.S. 824, 837 (1972); *see also In re United States*, 572 F.3d 301, 308 (7th Cir. 2009) ("[N]eedless recusals exact a significant toll; judges therefore should exercise care in determining whether recusal is necessary, especially when proceedings already are underway.").

The relevant question for purposes of disqualification is whether "the judge's impartiality might reasonably be questioned by a well-informed, thoughtful observer rather than [by] a hypersensitive or unduly suspicious person." *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001). The standard is an objective one: "That an unreasonable person, focusing only on one aspect of the story, might perceive a risk of bias is irrelevant . . . . [A] reasonable person is able to appreciate the significance of the facts in light of relevant legal standards and judicial practice and can discern whether any appearance of impropriety is merely

an illusion." *In re Sherwin-Williams Co.*, 607 F.3d 474, 477-78 (7th Cir. 2010). This objective inquiry is made "in light of the facts as they existed, not as they were surmised or reported." *Cheney v. United States District Court for the District of Columbia*, 541 U.S. 913, 914 (2004).

Cooper sets forth two basic factual grounds for recusal. *First*, she claims that the Court has shown a bias against *pro se* litigants by granting Shulkin's motion to reassign Cooper's related case to this Court. This argument is an improper basis for recusal under 28 U.S.C. § 455 because the reassignment shows no bias against Cooper. The Court simply followed the local rules, which allow for reassignment of a case sharing "some of the same issues of fact and law" to the judge handling the lower-numbered case. L.R. 40.4(a)(2). Cooper's two cases plainly involve "some of the same issues of fact and law." *Id.* In both, Cooper alleges that the VA discriminated against her in violation of Title VII and the Rehabilitation Act. In the lower-numbered case, Cooper alleges that her superiors at the VA Medical Center discriminated against her on the basis of sex and disability in 2015. In the higher-numbered case, she alleges that her superiors at the VA Medical Center discriminated against her on the basis of sex, disability, and religion in 2017. It is clear that this Court's handling of both cases will result in substantial savings of judicial resources. Thus, far from being biased, this Court's decision to allow reassignment was fair and appropriate.

Relatedly, Cooper takes issue with the fact that Judge Lee (who was previously assigned to case 18 C 2064) did not rule on her motion for a new trial

5

prior to reassignment. R. 43 at 1 (17 C 6913). But Cooper filed her motion for a new trial *after* her case had already been reassigned. R. 17, 20 (18 C 2064). There were no motions pending in the case before Judge Lee at the time it was transferred to this Court. *See id.* And even if the motion had been filed before Judge Lee, any pending motions are automatically transferred upon reassignment, so there was no risk of prejudice to Cooper based on the reassignment. In any event, for the reasons explained below, there is no merit to Cooper's motion for a new trial.

*Second*, Cooper takes issue with this Court's alleged favoritism displayed toward Shulkin during discovery, including the Court's alleged "harsh[ ] den[ial]" of Cooper's request "that the defendant come to plaintiff's state to take [her] deposition." R. 43 at 1. It is well-established that "rulings by the judge 'almost never constitute a valid basis for a bias or partiality motion.'" *Szach v. Village of Lindenhurst*, 2015 WL 3964237, at *4 (N.D. Ill. June 25, 2015) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). They will do so only "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555. No favoritism or antagonism can be inferred based on this Court's ruling compelling Cooper to come to Chicago because, for the reasons explained below, Shulkin is entitled to take Cooper's deposition in Chicago.

With respect to Cooper's allegation that the Court was "harsh" in its tone at the October 17, 2018 hearing, the Court has reviewed its notes, and it does not agree that it was harsh. The Court explained that because Cooper filed the suit in Chicago, she needs to come to Chicago for her deposition. The Court then explained

6

that it would give Cooper one more chance to respond to dates proposed by Shulkin's counsel for her deposition. If anything, the Court has been extremely patient in providing repeated extensions to Cooper, in large part because of Cooper's *pro se* status and presumed unfamiliarity with Court rules. But that patience is not limitless, and simple requirements such as the scheduling of Cooper's deposition in the forum where she filed this lawsuit can be easily understood and followed, even by a *pro se* plaintiff.

In any event, even if the Court had expressed "impatience, dissatisfaction, annoyance, [or] anger"—and it did not—such expressions do not justify recusal. *Liteky*, 510 U.S. at 555-56. The Court therefore denies Cooper's motions for recusal (R. 43 (17 C 6913) & R. 24 (18 C 2064)).

### B. Motion for a New Trial

Cooper's motion for a new trial is meritless because it does not request relief that this Court is able to grant. Cooper exhausted her administrative remedies and filed suit in this Court. The Court does not have the authority to grant Cooper a new trial in the underlying administrative case. This Court has the authority only to review the underlying events for violations of federal law (including Title VII and the Rehabilitation Act, based on which Cooper brings her claims). For this reason, the Court denies Cooper's motion for a new trial in case 18 C 2064 (R. 20).

### C. Motions for Protective Order and to Quash

Cooper's motions for a protective order and to quash are equally meritless. It is well-established that a plaintiff is generally required to give a deposition in the

7

district where she chose to file suit. *See, e.g., MCI Worldcom Network Servs. v. Atlas Excavating, Inc.,* 2004 WL 755786, *2 (N.D. Ill. Feb. 23, 2004) (the "general rule is that plaintiff, even if a non-resident, must appear at depositions in the forum of its choosing"); *Penn Mut. Life Ins. Co. v. GreatBanc Tr. Co.*, 2013 WL 212906, at *2 (N.D. Ill. Jan. 18, 2013) (same); 8A Wright & Miller, Federal Practice & Procedure § 2112 at 527 ("ordinarily, plaintiff will be required to make himself . . . available for examination in the district in which suit was brought"). Cooper chose to file suit in the Northern District of Illinois, and the events giving rise to her case occurred in Illinois. Although this Court has discretion to require the deposition to take place closer to Cooper's home based on a showing of "undue hardship," *Penn Mut. Life Ins.*, 2013 WL 212906, at *2, Cooper has not shown undue hardship here. Cooper lives in Covert, Michigan, and Greyhound offers inexpensive bus tickets from South Haven, Michigan—which is near Covert—to Chicago. Thus, the Court finds that Shulkin is entitled to take Cooper's deposition in Chicago and denies Cooper's motions for a protective order and to quash (R. 44 (17 C 6913) & R. 25 (18 C 2064)).

Shulkin requests that this Court dismiss both cases for want of prosecution, or in the alternative compel Cooper to answer written discovery and to provide her deposition by a date certain. The Court orders Cooper to provide complete answers to written discovery and to come to Chicago for a deposition on or before December 21, 2018. The only relief from this date will be a joint motion to extend. Although this Court will not dismiss Cooper's cases at this time, the Court gives Cooper a

8

final warning that failure to comply with this order will result in dismissal for want of prosecution.

## Conclusion

For these reasons, the Court denies Cooper's: (1) motions to recuse (R. 43 (17 C 6913) & R. 24 (18 C 2064)); (2) motion for a new trial (R. 20 (18 C 2064)); and (3) motions for a protective order and to quash (R. 44 (17 C 6913) & R. 25 (18 C 2064)). The Court orders Cooper to provide complete answers to written discovery and to come to Chicago for a deposition on or before December 21, 2018 (absent a joint motion to extend). The Court gives Cooper a final warning that failure to comply with this order will result in dismissal for want of prosecution.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: November 26, 2018